ALYSSA A. QUALLS (IL Bar No. 6292124)
Email: quallsa@sec.gov
ROBERT M. MOYE (IL Bar No. 6225688)
Email: moyer@sec.gov
175 West Jackson Blvd., Suite 1450
United States Securities and Exchange Commission
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

Attorneys for Plaintiff
United States Securities and Exchange Commission

LOCAL COUNSEL
Donald W. Searles (Cal. Bar No. 135705)
Email: searlesd@sec.gov
United States Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WELLNESS MATRIX GROUP, INC. and GEORGE TODT,<br><br>Defendants, | Case No. 8:21-cv-01031-JVS-DFM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTIONS TO DISMISS AND STRIKE DEFENDANT TODT'S COUNTERCLAIM, "PRAYER FOR RELIEF," AND AFFIRMATIVE DEFENSE PURSUANT TO RULES 12(b) & (f)**<br><br>Date: October 18, 2021<br>Time: 1:30 p.m.<br>Ctrm: 10C<br>Judge: Hon. James V. Selna |

## TABLE OF CONTENTS

BACKGROUND .......... 2
ARGUMENT .......... 6
A. Todt is Barred from Bringing an Unauthorized Counterclaim .......... 7
B. This Court Should Strike the Allegations in Todt's "Prayer for Relief" .......... 9
C. This Court Should Strike Todt's "Unclean Hands" Defense .......... 10
D. This Court Has Jurisdiction Over Todt .......... 12
CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Cases**

*Barnes v. AT&T Pension Benefit Plan*,
718 F. Supp. 2d 1167 (N.D. Cal. 2010) .......................................................... 6, 7

*Bottoni v. Sallie Mae, Inc.*,
No. C 10-03602 LB, 2011 WL 3678878 (N.D. Cal. Aug. 22, 2011) ...................... 6

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993),
*rev'd on other grounds*, 510 U.S. 517, 534-35 (1994) .......................................... 9

*In re 2TheMart.com, Inc. Sec. Litig.*,
114 F. Supp. 2d 955 (C.D. Cal. 2000) ................................................................ 9

*Nippon Sigmax Co. v. Kranos Corp.*,
No. 8:21-CV-00375-DOC-(ADSx),
2021 WL 2634823 (C.D. Cal. June 25, 2021) ...................................................... 6

*Parklane Hosiery Co. v. Shore*,
439 U.S. 322 (1979) .......................................................................................... 8

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) ..............................................................................6

*Sapiro v. Encompass Ins.*,
221 F.R.D. 513 (N.D. Cal. 2004) ...................................................................... 10

*SEC v. American Growth Funding II, LLC*,
No. 16cv00828 (KMW) (DF), 2016 WL 8314623 .............................................. 11

*SEC v. Better Life Club of Am., Inc.*,
995 F. Supp. 167 (D.D.C. 1998) ..................................................................... 7, 8

*SEC v. BIH Corp.*,
No. 2:10-cv-577-FtM-29DNF,
2013 WL 1212769 (M.D. Fla. Mar. 25, 2013) ..................................................... 8

*SEC v. Bradt*,
Case No. 93-8521-CIV-GONZALEZ,
1995 WL 215220 (S.D. Fla. Mar. 7, 1995) .......................................................... 8

*SEC v. Christian Stanley, Inc.*,
CV 11-7147-GHK (MANx), 2012 WL 13009138 (C.D. Cal. Apr. 4, 2012) ....... 11

*SEC v. Condron*,
Civil No. B-85-87, 1985 WL 2054 (D. Conn. Jun. 11, 1985) .............................. 10

*SEC v. Cuban*,
798 F. Supp. 2d 783 (N.D. Tex. 2011) ............................................................. 11

*SEC v. East Delta Corp.*,
No. CV10-310 (SJF)(WDW), 2010 WL 3781831 (E.D.N.Y. Jun. 4, 2010) ........... 5

*SEC v. Elecs. Warehouse, Inc.*,
689 F. Supp. 53 (D. Conn. 1988) ..................................................................... 11

*SEC v. Gulf & Western Indus., Inc.*,
502 F. Supp. 343 (D.D.C. 1980) ...................................................................... 10

*SEC v. Hayes*,
No. CA 3-90-1054-T, 1991 WL 236846 (N.D. Tex. Jul. 25, 1991) ..................... 10

*SEC v. Heartland Group, Inc.*,
Case No. 01 C 1984, 2003 WL 103015 (N.D. Ill. Jan. 10, 2003) ...................... 8, 9

*SEC v. McCaskey*,
56 F. Supp. 2d 323 (S.D.N.Y. 1999) ..................................................................7

*SEC v. Pacheco*,
Case No. ED CV 19-958-MWF (AFMx),
2019 WL 8167924 (C.D. Cal. Oct. 31, 2019) ............................................... 10, 12

*SEC v. Pinchas*,
421 F. Supp. 2d 781 (S.D.N.Y. 2006) ............................................................. 5, 7

*SEC v. Randy*,
No. 94 C 5902, 1995 WL 616788 (N.D. Ill. Oct. 17, 1995) ..............................8, 13

*SEC v. Rivlin*,
No. 99-1455 (RCL), 1999 WL 1455758 (D.D.C. Dec. 20, 1999) ........................ 10

*SEC v. Rosenfeld*,
No. 97 Civ. 1467 (RPP), 1997 WL 400131 (S.D.N.Y. Jul. 16, 1997)................... 10

*SEC v. Sands*,
902 F. Supp. 1149 (C.D. Cal. 1995) ................................................................. 11

*SEC v. Thrasher*,
Case No. 92 CIV 6987, 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995) ..................... 8

*SEC v. Wealth Mgmt. L.L.C.*, No. 09-C-506, 2009 WL 3765395 (E.D. Wis. Nov. 9, 2009) ................................ 8

*SEC v. Wozniak*, Case No. 92 C 4691, 1993 WL 34702 (N.D. Ill. Feb. 8, 1993) .............................. 8

*SEC v. Weintraub*, Case No. 11-21549-CIV-HUCK/BANDSTRA, 2011 WL 4346580 (S.D. Fla. Sept. 15, 2011) ........................................................8

*United States v. Hudson and Goodwin*, 11 U.S. 32 (1812) ..................................................................................................3

*Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438 (C.D. Cal. 2013) ...............................................................................6

**Statutes**

15 U.S.C. § 78j(b), Securities Exchange Act of 1934, Section 10(b) .................. 2, 5, 7

15 U.S.C. § 78u(d), Securities Exchange Act of 1934, Section 21(d) ...................... 12

15 U.S.C. § 78u(e), Securities Exchange Act of 1934, Section 21(e) ................. 12-13

15 U.S.C. § 78u(g), Securities Exchange Act of 1934, Section 21(g) ............ 5, 7, 8, 9

**Rules**

17 C.F.R. § 240.10b-5 ......................................................................................... 2

Federal Rule of Civil Procedure 8(a)(3) .............................................................. 10

Federal Rule of Civil Procedure 12(b) ..............................................................1, 6

Federal Rule of Civil Procedure 12(f) ............................................ 1, 5, 6, 9, 10, 12

Federal Rule of Civil Procedure 26(f) ................................................................. 5

In his answer to this government enforcement action against him, *pro se* Defendant George Todt issued a purported counterclaim for a trademark infringement, libel, and/or slander against Plaintiff United States Securities and Exchange Commission ("SEC" or "Commission") for referencing his name, which he has supposedly trademarked, and for alleging that he violated federal securities laws. Todt also littered his answer's "Prayer for Relief" with numerous unsubstantiated attacks on the SEC, including allegations of malicious prosecution, elder abuse, and violations of his constitutional rights, among other things, and has demanded over $2.5 billion in damages. Finally, Todt appears to question whether this Court has jurisdiction over him or the trademarked legal entity of his name.

The SEC now moves pursuant to the Federal Rules of Civil Procedure 12(b) and (f) to dismiss, or in the alternative strike, Todt's purported counterclaim and to strike the allegations in his "Prayer for Relief," his affirmative defense of unclean hands (to the extent his allegations could be so construed), and his questions regarding the Court's jurisdiction. First, federal law bars Todt's counterclaim. Second, Todt's "Prayer for Relief" is irrelevant absent a legally cognizable counterclaim, and his use of unsubstantiated, immaterial, impertinent, and scandalous language that casts the SEC or its litigation counsel in a derogatory light is inappropriate in a pleading under the Federal Rules of Civil Procedure. Third, to the extent Todt is alleging that the SEC is acting with unclean hands, such a claim is generally unavailable as an affirmative defense to an SEC enforcement action, and is limited to circumstances where the alleged misconduct is egregious and results in constitutional prejudice, which Todt has not alleged. Lastly, this Court unquestionably has jurisdiction over Todt in this securities enforcement action.

For the reasons given below, the SEC respectfully requests that the Court grant this motion to dismiss and strike under Rules 12(b) and (f), and thus focus this litigation on the actual issue at hand – whether Todt violated the law by engaging in securities fraud.

**BACKGROUND**

On June 11, 2021, the SEC filed its complaint against Defendant Wellness Matrix Group, Inc. ("Wellness Matrix"), a Nevada microcap company, and Todt,[1] a Wellness Matrix business consultant who controlled much of the company's day-to-day activities, for knowing and reckless violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. (Dkt. No. 1.) The SEC alleged that, in February and March 2020, Wellness Matrix and Todt violated Section 10(b) by making materially false and misleading statements regarding COVID-19 at-home test kits and/or disinfectants that defrauded Wellness Matrix investors. (*Id*. ¶ 5.) More specifically, the SEC alleged that Wellness Matrix and Todt: (1) marketed the at-home test kits and disinfectants to consumers on Wellness Matrix-affiliated websites when Wellness Matrix did not have the products to deliver to consumers; and (2) made materially false and misleading statements about the products themselves, by falsely representing that the at-home test kits were approved and registered for use by the United States Food and Drug Administration ("FDA") and the disinfectants were approved and registered by the United States Environmental Protection Agency ("EPA"), when they knew, or were reckless in not knowing, that they did not have the products to deliver to consumers and that the products were neither approved nor registered by the FDA or the EPA. (*Id*. ¶¶ 6-9.) For this misconduct, the SEC seeks permanent injunctions and civil penalties against Wellness Matrix and Todt, and a conduct-based injunction, officer and director bar, and a penny stock bar against

[1] In 2005, the SEC sued Todt for securities fraud in connection with an alleged pump-and-dump scheme and, on November 18, 2005, obtained a final judgment that permanently enjoined Todt from violating Section 10(b) of the Exchange Act and permanently barred him from participating in any offering of a penny stock. *SEC v. Todt*, No. 05-3697 PA (C.D. Cal., Dkt. No. 102, Nov. 18, 2005). In addition, Todt still owes approximately $1.3 million in disgorgement, prejudgment interest, and civil penalties related pursuant to this judgment.

Todt.

Wellness Matrix was served with the summons and complaint but did not answer or otherwise respond to the complaint. Pursuant to the SEC's request, the Clerk of the Court enter its default on July 30, 2021. (Dkt. No. 20.)

On August 23, 2021, Todt answered the SEC's complaint and, among other things, provided the SEC with a "NOTICE OF COUNTERCLAIM" for purported trademark infringement, libel, and/or slander against the SEC and made various unsubstantiated allegations against the SEC his "Prayer for Relief." (Dkt. No. 21.) Specifically, Todt alleged:

> The DEFENDANT answers this action pursuant under objection, protest and lack of clarity to lack of authority or jurisdiction to clarify who is meant to be DEFENDANT, that is GEORGE TODT in support of **the Defendant named in this law suit as GEORGE A TODT serial number : 90732819, a trademarked legal entity under the Constitution** of the United States, Article 1, section 8, Clause 8 "authors and inventors the exclusive right to their respective writings and discoveries" as a **trustee/beneficiary of the GEORGE A TODT creditor trust of Federal reserve account# G-891-859-544** and is not a beneficiary shareholder, officer, director or in any way control or have influence over Wellness Matrix Group, Inc. A defendant in this law suit claim. I am submitting these answer to be timely in the event this action continues in lieu of and despite the Second Circuit recent ruling regarding a violation must be specifically a clearly stated law of congress and not an equivalent for licensed and non licensed persons under the Securities exchange Act of 1934 and numerous Federal Courts since the early 19th century and US Supreme Court, United States v. Hudson and Goodwin, 11 U.S. 32 (1812), the U.S. Supreme Court made clear that. In order to be prosecuted in Federal Court, a defendant must be charged by a crime or action defined by Congress and enacted into Federal law, which is clearing not the case in this action. Therefore this is not the proper jurisdiction and administrative procedure or protocol by the SEC.
>
> . . . .

**PRAYER FOR RELIEF**

WHEREFORE, the DEFENDANT respectfully requests that the Court:

**I.**

Immediately, dismiss this action for lack of clarity and misleading information of who the DEFENDANT really is legally and jurisdictionally.

**II.**

Issue sanctions against Plaintiff Attorneys, consistent with Rules for malicious prosecution, **violation of USPTO trademark laws**, violation of Defendants civil rights, abuse, endangerment of the People of the United States Health and education rights, overt violation of Civil Procedure and Protocol for a fair and just investigation according to the Federal Rules of Civil Procedure, permanently enjoining Plaintiffs' counsel, and their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the **USPTO Trademark Infringement by personal service or otherwise, and each of them, from violating GEORGE TODT in support of the Defendant named in this law suit as GEORGE A TODT serial number : 90732819, a trademarked legal entity under the Constitution** of the United States, Article 1, section 8, Clause 8 "authors and inventors the exclusive right to their respective writings and discoveries" **as a trustee/beneficiary of the GEORGE A TODT creditor trust of Federal reserve account # G-891-859-54410** and for enjoining Defendant Todt from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant Todt, and denying his rights under the U.S. Constitutional rights that neither any government agent under the 9th amendment, of certain rights shall not be construed to deny or disparage the people", furthermore, the 1st Amendment to voice ones opinions politically and artistically.

(*Id.* ¶ 1 & Prayer for Relief, §§ I-II (emphasis added).) For this supposed misconduct, Todt asks the Court to "Order Plaintiffs [sic] to acknowledge their **Trademark notice to a License fee** of $12 million and $5000 a minute of public notice and

publishing additionally for to a summary judgment to the DEFENDANT of $2.5 billion **for publishing Trademarks, libel and slander**." (*Id*., Prayer for Relief § III (emphasis added).)

On September 8, 2021, during the parties' telephonic Rule 26(f) conference, counsel for the SEC explained to Todt that it intended to move to strike his counterclaim and parts of his answer pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The SEC also mentioned its intent to file such a motion in the parties' Joint Rule 26(f) Report, which was filed on September 9. The SEC requested a L.R. 7-3 meet-and-confer with Todt, and in a September 10 email, the SEC counsel explained that Section 21(g) of the Exchange Act bars counterclaims against the SEC in civil enforcement actions. *See, e.g., SEC v. Pinchas,* 421 F. Supp. 2d 781, 784 (S.D.N.Y. 2006); *SEC v. East Delta Corp*., No. CV10-310 (SJF)(WDW), 2010 WL 3781831, at *1 (E.D.N.Y. Jun. 4, 2010). The SEC's email further explained that Todt's allegations of misconduct in his "Prayer for Relief" against the SEC should be stricken as "immaterial, impertinent, or scandalous matter" under Rule 12(f), and that any purported affirmative defense of unclean hands either could not be brought against the SEC or must be egregious and prejudice Todt at a constitutional level. (Qualls Decl. ¶¶ 2-4, filed contemporaneously herewith.)

During the parties' September 13 L.R. 7-3 telephonic meet-and-confer discussions, the SEC's counsel advised Todt that his putative counterclaim, allegations of SEC misconduct, and affirmative defense of unclean hands were all deficient in this enforcement action and that the SEC would file a motion to strike them under Rule 12(f) unless Todt agreed to withdraw them. In response, Todt indicated that he planned to stand by all of the allegations in his answer and would not withdraw them. Todt also stated that, within the next 30 days, he intends to file a counterclaim (either in this case or in the City of Los Angeles' case against him in California Superior Court) against the SEC's individual attorneys, the Los Angeles City attorneys (who are prosecuting civil claims against him for unfair, fraudulent,

and dangerous business practices related to Wellness Matrix COVID-19 products), and agents of the Federal Bureau of Investigation, among others, alleging similar misconduct in connection witfh the investigation of Todt for the conduct alleged in this complaint. At the conclusion of their L.R. 7-3 conference, the parties were unable to reach a resolution that would eliminate the necessity for a hearing on the SEC's motion. (*Id*. ¶¶ 5-8.)

**ARGUMENT**

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs motions to dismiss for failure to state a claim upon which relief can be granted. Counterclaims may be dismissed, with prejudice, where they "lack of cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Pursuant to Rule 12(f), this Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues." *Bottoni v. Sallie Mae, Inc.*, No. C 10-03602 LB, 2011 WL 3678878, at *1 (N.D. Cal. Aug. 22, 2011) (granting motion to strike affirmative defenses) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010)). An affirmative defense "may be insufficient as a matter of pleading or as a matter of law." *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013). Although facts alleged in support of a well-plead defense are assumed to be true, mere conclusory assertions or citations to a doctrine or a statute are not sufficient to state an affirmative defense, as the same pleading standards that apply to complaints apply to affirmative defenses. *See Nippon Sigmax Co. v. Kranos Corp.*, No. 8:21-CV-00375-DOC-(ADSx), 2021 WL 2634823, at *5 (C.D. Cal. June 25, 2021) (applying *Twombly/Iqbal* standard to affirmative defenses).

The SEC is not required to show that it has been prejudiced by a pleading for this Court to strike an insufficient affirmative defense. *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010). Nevertheless, requiring

the SEC to expend time and resources on irrelevant and unsustainable affirmative defenses does prejudice the Commission. *Id.* ("If the court were to permit legally unsustainable affirmative defenses to survive, Barnes would be required to conduct expensive and potentially unnecessary and irrelevant discovery."). Under these standards, Todt's notice of counterclaim for trademark infringement, libel, and/or slander should be dismissed or stricken and Todt's unsupported allegations of purported SEC misconduct in his answer's "Prayer for Relief," any affirmative defense based on those unsubstantiated allegations, and his questions regarding the Court's jurisdiction should be stricken from the docket.

**A. Todt is Barred from Bringing an Unauthorized Counterclaim.**

Federal law bars Todt from bringing a counterclaim in an SEC enforcement action without the Commission's consent, which has not been given here. Section 21(g) of the Securities Exchange Act of 1934 provides:

> Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). The purpose of Section 21(g) is "to ensure speedy resolution of SEC enforcement actions." *SEC v. McCaskey*, 56 F. Supp. 2d 323, 325 (S.D.N.Y. 1999) (citation omitted) (striking unauthorized counterclaim against SEC pursuant to Section 21(g)). Because adding claims to lawsuits tends to delay and complicate litigation, Section 21(g) has been routinely employed to strike or dismiss unauthorized third-party complaints and counterclaims. *Id. See, e.g.*, *SEC v. Pinchas*, 421 F. Supp. 2d 781, 784 (S.D.N.Y. 2006) (dismissing counterclaim in SEC enforcement action – "Any consideration of defendant's counterclaims here is barred by statute"); *SEC v. Better Life Club of Am., Inc.*, 995 F. Supp. 167, 180 (D.D.C. 1998) (dismissing unauthorized counterclaims against SEC pursuant to Section

21(g)); *SEC v. BIH Corp.*, No. 2:10-cv-577-FtM-29DNF, 2013 WL 1212769, at *8 (M.D. Fla. Mar. 25, 2013) (striking counterclaim in SEC enforcement action pursuant to § 21(g)); *SEC v. Weintraub*, Case No. 11-21549-CIV-HUCK/BANDSTRA, 2011 WL 4346580, at *1-2 (S.D. Fla. Sept. 15, 2011) (striking unauthorized counterclaims against SEC pursuant to Section 21(g)); *SEC v. Wealth Mgmt. L.L.C.*, No. 09-C-506, 2009 WL 3765395, at *2 (E.D. Wis. Nov. 9, 2009) (dismissing counterclaim in SEC enforcement action – "§ 21(g) has been routinely employed to dismiss third-party complaints and counterclaims"); *SEC v. Randy*, No. 94 C 5902, 1995 WL 616788, at *2-3 (N.D. Ill. Oct. 17, 1995) (dismissing counterclaim in SEC enforcement action – "Moreover, section 78u(g) has been held to bar a defendant from asserting counterclaims in an enforcement action brought by the SEC"); *SEC v. Bradt*, Case No. 93-8521-CIV-GONZALEZ, 1995 WL 215220, at *1 (S.D. Fla. Mar. 7, 1995) (barring defendant from bringing third-party claim without Commission consent); *SEC v. Thrasher*, Case No. 92 CIV 6987, 1995 WL 456402 at *3-4 (S.D.N.Y. Aug. 2, 1995) (barring a defendant's third-party claims); *see also Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332 & n.17 (1979) (noting the language of Section 21(g) prohibits the consolidation of private actions with Commission enforcement actions).

Moreover, the prohibition against asserting counterclaims or permitting intervention is absolute if the SEC does not consent – even if the counterclaim is against third parties. *SEC v. Wozniak*, Case No. 92 C 4691, 1993 WL 34702, at *1 (N.D. Ill. Feb. 8, 1993) (denying motion to intervene by private party who claimed to be victim of same securities fraud over which the Commission brought enforcement action). As the *Wozniak* court stated, "[o]nly SEC's consent can open a door in that wall to permit a private party such as Manzo to have access to this federal court in this lawsuit. Here SEC has refused to do so for good and sufficient reasons, though under the law it owes this Court no explanation for any exercise of SEC's unfettered veto power." *Id. See also SEC v. Heartland Group, Inc.*, Case No. 01 C 1984, 2003 WL 103015, at *2 (N.D. Ill. Jan. 10, 2003) (noting that although § 21(g) does not

specifically refer to "intervention, cross-claims, counter-claims or third-party complaints by name, many courts have concluded such procedural devices to be barred because Section 21(g) acts as an impenetrable wall").

Here, the SEC does not consent to Todt's bringing a counterclaim for trademark infringement, libel, and/or slander against the SEC (or any other party) in this action. Further, the SEC does not consent to any putative counterclaim in this action, under any law, against itself or any other individual or entity. Accordingly, because the language of Section 21(g) serves as an absolute bar to Todt's bringing a counterclaim in this action without SEC permission, and because the SEC does not consent, the Court should dismiss or strike Todt's purported notice of counterclaim and require Todt to obtain leave of Court before filing any counterclaim or other action in this Court asserting such claims.

**B. <u>This Court Should Strike the Allegations in Todt's "Prayer for Relief."</u>**

As explained above, the court make strike "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded [and] [i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534-35 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 & 711 (1990)). "'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Here, in his "Prayer for Relief," and without any factual allegation or explanation, Todt asks that this Court sanction the SEC for malicious prosecution, violating his civil and constitutional rights, elder abuse, trademark infringement, and violating the Federal Rules of Civil Procedure, among other things, and asks the Court for a judgment of over $2.5 billion in damages. (Dkt. No. 21 at 14:24-15:21.)

There no legal basis for Todt to seek relief against the SEC absent a legally cognizable counterclaim, which Todt cannot state without the SEC's consent. *See* Fed. R. Civ. P. 8(a)(3) (a claim for relief must include a demand for the relief sought). In addition, Todt's unsubstantiated (and false) allegations are entirely immaterial and impertinent to this securities fraud action and represent a scandalous and derogatory attack on the SEC and its attorneys. Accordingly, this Court should strike the "Prayer for Relief" from Todt's answer. *See Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004) (granting Rule 12(f) motion "when necessary to discourage parties from making completely tendentious or spurious allegations").

**C. <u>This Court Should Strike Todt's "Unclean Hands" Defense.</u>**

To the extent that Todt's unsupported allegations against the SEC might be construed as raising the affirmative defense of unclean hands, this Court should likewise strike it from the answer. First, courts have routinely ruled that the doctrine of unclean hands cannot be "invoked against a governmental agency which is attempting to enforce a congressional mandate in the public interest." *SEC v. Pacheco*, Case No. ED CV 19-958-MWF (AFMx), 2019 WL 8167924, at *2 (C.D. Cal. Oct. 31, 2019); *SEC v. Hayes*, No. CA 3-90-1054-T, 1991 WL 236846, at *2 (N.D. Tex. Jul. 25, 1991); *SEC v. Rosenfeld*, No. 97 Civ. 1467 (RPP), 1997 WL 400131, at *2 (S.D.N.Y. Jul. 16, 1997); *SEC v. Rivlin*, No. 99-1455 (RCL), 1999 WL 1455758, at *5 (D.D.C. Dec. 20, 1999) ("the doctrine of unclean hands may not be invoked against the SEC"); *SEC v. Gulf & Western Indus., Inc.*, 502 F. Supp. 343, 348 (D.D.C. 1980) ("the doctrine of unclean hands is clearly without merit"); *SEC v. Condron*, Civil No. B-85-87, 1985 WL 2054, at *1 (D. Conn. Jun. 11, 1985) ("unclean hands is not a defense against an action sought by the SEC"). Therefore, this Court has the authority to strike Todt's putative unclean hands defense in accordance with this persuasive authority alone.

Second, even those courts who reason that the defense might be cognizable in an SEC enforcement action have uniformly cautioned that a defendant can assert

unclean hands only in "strictly limited circumstances." *SEC v. Cuban*, 798 F. Supp. 2d 783, 794 (N.D. Tex. 2011). That is because:

> The government and its agencies are not like private litigants when they bring enforcement actions. These actions are intended to promote the interests of the public, and subjecting them to the same defenses as apply to private litigants would undermine the interest of the citizenry as a whole in obedience to the rule of law.

*Id.* Accordingly, any alleged misconduct by the SEC must not only be "egregious" it must also "result in prejudice to the defense of the enforcement action that rises to a constitutional level." *Id.; see also SEC v. Christian Stanley, Inc.*, CV 11-7147-GHK (MANx), 2012 WL 13009138, at *4 (C.D. Cal. Apr. 4, 2012); *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995); *SEC v. American Growth Funding II, LLC*, No. 16cv00828 (KMW) (DF), 2016 WL 8314623, at *6 (to proceed with an unclean hands defense, a defendant "must have adequately pleaded that the SEC not only engaged in outrageous or unconstitutional activity … but also that as a result, [defendant] suffered prejudice rising to a constitutional level") (internal quotations omitted); *SEC v. Elecs. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988) ("[C]ourts have permitted the defense only where the alleged misconduct . . . prejudiced the defendant in his defense of the action."). In other words, any such alleged misconduct must be extreme and must hinder the defendant from defending himself against the SEC's claims.

Here, Todt has not alleged or explained his accusation of "egregious" misconduct by the SEC. Nor could he. All that the SEC and its attorneys have done is to bring a lawful federal securities enforcement action against him – based on a nonpublic investigation in which he refused to participate. That is not "malicious prosecution" or a violation of Todt's constitutional rights. (Dkt. No. 21, "Prayer for Relief.") Most significantly, however, even if Todt believes that he has not violated the securities laws, he has not alleged any prejudice to his defense from the SEC's

purported misconduct, much less a prejudice that rises to a constitutional level. Todt remains free to defend this action in accordance with the Federal Rules of Civil Procedure, which allow him to request documents and information regarding the SEC's allegations in this matter, and take depositions of any witnesses who can support his defenses. Therefore, to the extent Todt's claims could be construed as raising the affirmative defense of unclean hands, this Court should strike them under Rule 12(f). *See, e.g.*, *Pacheco*, 2019 WL 8167924, at *3 (striking unclean hands defense where defendant did not alleged unconstitutional prejudice to his defense).

**D. <u>This Court Has Jurisdiction Over Todt.</u>**

Finally, to the extent Todt Todt's answer has raised any questions about the SEC's authority to bring this enforcement action against him or the propriety of this Court's jurisdiction over him and this subject matter, they should be rejected. Section 21(d) of the Exchange Act provides:

> Whenever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this chapter, the rules or regulations thereunder . . . , it may in its discretion bring an action in the proper district court of the United States, the United States District Court for the District of Columbia, or the United States courts of any territory or other place subject to the jurisdiction of the United States, to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond.

15 U.S.C. § 78u(d). Section 21(e) of the Exchange Act provides:

> Upon application of the Commission the district courts of the United States and the United States courts of any territory or other place subject to the jurisdiction of the United States shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder . . . .

15 U.S.C. § 78u(e). This securities enforcement action was brought pursuant to these

provisions and there is no basis to conclude that the Court does not have jurisdiction to adjudicate the claim against Todt. *See Randy*, 1995 WL 616788, at *2-4 (dismissing counterclaim alleging lack of standing and striking affirmative defense of lack of personal and subject matter jurisdiction in SEC enforcement action). This Court should therefore strike Todt's questions regarding the Court's jurisdiction

**CONCLUSION**

For all of the foregoing reasons, the SEC respectfully requests that the Court grant its motions to dismiss, or in the alternative strike, Defendant Todt's purported counterclaim for trademark infringement, libel, and slander, and strike the allegations in his answer's "Prayer for Relief," his affirmative defense of unclean hands, and jurisdictional questions.

Dated: September 15, 2021

Respectfully submitted,

*/s/ Alyssa A. Qualls*
Alyssa A. Qualls
Attorney for Plaintiff United States Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
175 W. Jackson Blvd, Chicago IL 60123
Telephone No. (312)353-7390; Facsimile No. (312)353-7398.

On September 15, 2021, I caused to be served the document entitled **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTIONS TO DISMISS AND STRIKE DEFENDANT TODT'S COUNTERCLAIM, "PRAYER FOR RELIEF, AND AFFIRMATIVE DEFENSE PURSUANT TO RULES 12(b) & (f)** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☒ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Chicago, Illinois, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Chicago, Illinois.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 15, 2021 *Is/ Alyssa A. Qualls*

***SEC v. Wellness Matrix Group, Inc., et al.***
**United States District Court—Central District of California**
**Case No. 8:21-CV-01031-JVS-DFM**

**SERVICE LIST**

Wellness Matrix Group, Inc.
Barry Migliorini, CEO
16732 Goldenwest Street, Apt 3
Huntington Beach, CA 92647

George A. Todt
13904 Fiji Way, Apt 237
Marina Del Ray, CA 90292
Email: gatodt@mac.com