UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01031-JVS (DFMx) | Date | October 14, 2021 |
| Title | United States Securities and Exchange Commission v. Wellness Matrix Group | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss and Strike**

Plaintiff United States Securities and Exchange Commission ("SEC") moves this Court to dismiss, or in the alternative strike, Defendant George Todt's ("Todt") counterclaim, "Prayer for Relief," and affirmative defense under Rules 12(b) and 12(f) of the Federal Rules of Civil Procedure. See Dkt. Nos. 26, 27. The motion is unopposed.

For the following reasons, the Court **GRANTS** the motion to dismiss Todt's counterclaims and strike his "Prayer for Relief" and **DENIES** the motion to strike his unclean hands defense and jurisdiction questions.

## I. BACKGROUND

On June 11, 2021, the SEC filed a complaint against Defendants Wellness Matrix Group, Inc. ("Wellness Matrix"), a Nevada microcap company, and Todt, a business consultant for Wellness Matrix, for violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5. Compl., Dkt. 1. The Complaint alleged that Wellness Matrix "made materially false and misleading statements regarding COVID-19 at-home test kits and/or disinfectants that defrauded Wellness Matrix investors." Id. ¶ 5. Specifically, it alleges that "Wellness Matrix and Todt falsely represented that the at-home test kits were approved and registered for use by the United States Food and Drug Administration ('FDA') and the disinfectants were approved and registered by the United States Environmental Protection Agency ('EPA')." Id. ¶ 7. The SEC is seeking permanent injunctions and civil penalties against Wellness Matrix and Todt, and a conduct-based injunction, officer and director bar, and penny stock bar against Todt. Id. at 13–14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01031-JVS (DFMx) | Date | October 14, 2021 |
| Title | United States Securities and Exchange Commission v. Wellness Matrix Group | | |

On August 23, 2021, Todt filed his "Answers and Notice of Counterclaim." See Dkt. 21 ("Answer and Counterclaim"). Todt asserted counterclaims against the SEC for trademark infringement, libel and slander, and various other allegations in his "Prayer for Relief." See Answer and Counterclaim, Dkt. 21, at 14–15. The SEC moves this court to dismiss Todt's purported counterclaim and to strike his "Prayer for Relief," affirmative defense of unclean hands, and questions regarding the Court's jurisdiction. See Mot., Dkt. 27.

## II. Legal Standard

Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim," which under Twombly and Iqbal requires showing "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When pleading affirmative defenses, Rule 8(c) only requires that a defendant "affirmatively state any ... affirmative defense." Fed. R. Civ. P. 8(c).

Although other courts have held defendants to the Iqbal and Twombly standard of plausibility, in the Ninth Circuit, a "fair notice" standard applies to pleading affirmative defenses. Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015). Fair notice only requires a defendant to describe an affirmative defense in "general terms." Id. (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed.1998)). Fair notice only requires the defendant to "state the nature and grounds for the affirmative defense." Kohler v. Island Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citation omitted). For instance, in Wyshak, it was sufficient that the defendant merely alleged a statute of limitations defense and then stated the specific statute in its attached Memorandum of Points and Authorities. Wyshak v. City Nat'l Bank, 607 F.3d 824, 827 (9th Cir. 1979). But, an affirmative defense is still legally insufficient if there are no factual questions, legal issues are undisputed, and there is no situation in which the defense could succeed. Ramirez v. Ghilotti Bros. Inc., 941 F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01031-JVS (DFMx) | Date | October 14, 2021 |
| Title | United States Securities and Exchange Commission v. Wellness Matrix Group | | |

Supp. 2d 1197, 1204 (N.D. Cal. 2013) (citation omitted).

### III.  DISCUSSION

#### A.  Counterclaim

The SEC argues that Todt's counterclaim should be dismissed under Rule 12(b)(6) because they are barred by federal statute.  See Mot., Dkt. 27, at 7.  The Court agrees.

Section 21(g) of the Securities Exchange Act of 1934 bars defendants from bringing a counterclaim in an SEC enforcement action without the SEC's consent.  15 U.S.C. § 78u(g); see SEC v. Pinchas, 421 F. Supp. 2d 781, 784 (S.D.N.Y. 2006) (dismissing counterclaims in SEC enforcement action because "[a]ny consideration of defendant's counterclaims [were] barred by statute").  That section provides that "notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission."  Id.  "The purpose of 15 U.S.C. § 78u(g) is to ensure speedy resolution of SEC enforcement actions."  SEC v. McCaskey, 56 F. Supp. 2d 323, 325 (S.D.N.Y. 1999).  Thus, "it has routinely been employed to dismiss . . . counterclaims because such additional claims protract litigation."  Id.; see, e.g., SEC v. Better Life Club of AM., Inc., 995 F. Supp. 167, 180 (D.D.C. 1998) (dismissing unauthorized counterclaims against SEC under 15 U.S.C. § 78u(g)); SEC v. BIH Corp., 2013 WL 1212769, at *8 (M.D. Fla. Mar. 25, 2013) (same); SEC v. Randy, 1995 WL 616788, at *2–3 (N.D. Ill. Oct. 17, 1995) (same); SEC v. Bradt, 1995 WL 215220, at *1 (S.D. Fla. Mar. 7, 1995) (same).

Here, the SEC did not consent to any counterclaims in this action.  Todt's counterclaims are thus barred by Section 21(g).  Accordingly, the Court GRANTS the SEC's motion to strike Todt's counterclaims.

#### B.  Todt's "Prayer for Relief"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01031-JVS (DFMx) | Date | October 14, 2021 |
| Title | United States Securities and Exchange Commission v. Wellness Matrix Group | | |

The SEC asks this Court to strike Todt's "Prayer for Relief" under Rule 12(f) because it has no legal basis. Mot., Dkt. 27, at 9–10. Todt's "Prayer for Relief" asks the Court to sanction the SEC for malicious prosecution, violating his civil and constitutional rights, elder abuse, trademark infringement, and other violations, and asks the Court for over $2.5 billion in damages. Dkt. 21, at 14–15. Todt does not assert a corresponding cognizable counterclaim. Further, the SEC argues that "Todt's unsubstantiated (and false) allegations are entirely immaterial and impertinent to this securities fraud action and represent a scandalous and derogatory attack on the SEC and its attorneys." Mot., Dkt. 27, at 10. The Court agrees that the allegations in Todt's "Prayer for Relief" are immaterial and impertinent to the present action and that they are scandalous and derogatory.

For these reasons, the Court GRANTS the SEC's Motion to Strike Todt's "Prayer for Relief."

**C.     Todt's Unclean Hands Defense and Jurisdiction Questions**

The SEC argues that "[t]o the extent that Todt's unsupported allegations against the SEC might be construed as raising the affirmative defense of unclean hands, this Court should likewise strike it from the answer." Mot., Dkt. 27, at 10. Likewise, the SEC asks that "to the extend [] Todt's answer has raised any questions about the SEC's authority to bring this enforcement action against him or the propriety of this Court's jurisdiction over him and this subject matter, they should be rejected." Id. at 12. However, the SEC does not identify the language it seeks to strike in the Answer. Moreover, it is not clear that Todt is raising the affirmative defense of unclean hands or to what extent he "is rais[ing] any questions about the SEC's authority to bring this enforcement action" or the Court's jurisdiction. Id. The Court declines to sift through the Answer and guess which sections the SEC is seeking to strike.

Accordingly, the Court DENIES the SEC's Motion to Strike Todt's unclean hands defense.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion to dismiss Todt's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01031-JVS (DFMx) | Date | October 14, 2021 |
| Title | United States Securities and Exchange Commission v. Wellness Matrix Group | | |

counterclaims and strike his "Prayer for Relief" and **DENIES** the motion to strike his unclean hands defense and jurisdiction questions.

**IT IS SO ORDERED.**

The Court finds that oral argument would not be helpful in this matter and accordingly **VACATES** the Monday, October 18, 2021 hearing.

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |