ALYSSA A. QUALLS (IL Bar No. 6292124)
Email: quallsa@sec.gov
ROBERT M. MOYE (IL Bar No. 6225688)
Email: moyer@sec.gov
175 West Jackson Blvd., Suite 1450
United States Securities and Exchange Commission
Chicago, Illinois 60604
Telephone: (312) 353-7390
Facsimile: (312) 353-7398

Attorneys for Plaintiff
United States Securities and Exchange Commission

LOCAL COUNSEL
Donald W. Searles (Cal. Bar No. 135705)
Email: searlesd@sec.gov
United States Securities and Exchange Commission
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WELLNESS MATRIX GROUP, INC. and GEORGE TODT,<br><br>Defendants, | Case No. 8:21-cv-01031-SSS-DFM<br><br>**PLAINTIFF SEC'S CASE MANAGEMENT STATEMENT** |

Plaintiff United States Securities and Exchange Commission ("SEC"), by and through its undersigned counsel, submits this Case Management Statement pursuant to the Court's June 21, 2022 Order (Dkt No. 47).

**A.  Filing Date**

The SEC filed the Complaint on June 11, 2021. (Dkt No. 1.)

**B.  Party Descriptions**

The SEC is a federal agency charged with enforcing federal securities laws.

Defendant Wellness Matrix Group, Inc. ("Wellness Matrix") is a Nevada corporation, incorporated in 2009, with its principal executive offices located in Huntington Beach, California. Wellness Matrix claims to be a healthcare technologies start-up business. Wellness Matrix's common shares are quoted on OTC Link, an electronic inter-dealer quotation system for over-the-counter securities operated by OTC Markets Group Inc.

George Todt, 68 years old, is a resident of Marina Del Rey, California and a Wellness Matrix business consultant. Todt owns 82.75 percent of the common shares of Wellness Matrix through a nominee entity, Chanzong Huayuan LLC ("Chanzong"). Chanzong is a Nevada limited-liability company formed in 2015. Todt is the manager of the entity.

### C. Summary of Claims

The SEC has charged Defendants Wellness Matrix and Todt with securities fraud. Specifically, the SEC alleges that Defendants knowingly and recklessly violating Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

### D. Underlying Events

In its complaint, the SEC alleges that, in February and March 2020, Wellness Matrix, a Nevada microcap company, and Todt, a Wellness Matrix business consultant who controlled much of Wellness Matrix's day-to-day activities, made materially false and misleading statements regarding COVID-19 at-home test kits and/or disinfectants that defrauded Wellness Matrix investors. Wellness Matrix and Todt marketed the at-home test kits and disinfectants to consumers on Wellness Matrix-affiliated websites when Wellness Matrix did not have the products to deliver to consumers. Furthermore, the SEC alleges that Wellness Matrix and Todt made materially false and misleading statements about the products themselves. For example, as alleged in the complaint, Wellness Matrix and Todt falsely represented that the at-home test kits were approved and registered for use by the United States

Food and Drug Administration ("FDA") and the disinfectants were approved and registered by the United States Environmental Protection Agency ("EPA"). At the time Wellness Matrix and Todt made these materially false and misleading statements, the SEC alleges that Wellness Matrix and Todt knew, or were reckless in not knowing, that they did not have the products to deliver to consumers and that the products were neither approved nor registered by the FDA or the EPA.

### E. Relief Sought

The SEC does not seek damages. Rather, the SEC seeks an order: (1) permanently enjoining Defendants Wellness Matrix and Todt from future violations Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and permanently enjoining Defendant Todt from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant Todt, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Defendant Todt from purchasing or selling securities listed on a national securities exchange for his own personal account; (2) ordering Defendants Wellness Matrix and Todt to pay civil penalties pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3); (3) barring Defendant Todt from participating in an offering of penny stock pursuant to Section 21(d)(6)(A) of the Exchange Act, 15 U.S.C. § 78u(d)(6)(A); and (4) barring Defendant Todt from serving as an officer or director of a public company pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2).

### F. Discovery Status

Fact discovery closed on April 25, 2022. (Dkt No. 35.) The parties did not engage in expert discovery.

### G. Procedural History

Defendant Wellness Matrix was served with the summons and Complaint but did not answer or otherwise respond. Pursuant to the SEC's request, the Clerk of the Court enter its default on July 30, 2021. (Dkt. No. 20.)

Defendant Todt answered the Complaint on August 23, 2021, and asserted an affirmative defense and purported counterclaim. (Dkt No. 21.) On September 15, 2021, the SEC moved to dismiss and strike Defendant Todt's counterclaim, "Prayer for Relief," and affirmative defense. (Dkt No. 26.) On October 14, 2021, the Court granted the SEC's motion to dismiss the counterclaim and strike the "Prayer for Relief" and denied its motion to strike Todt's unclean hands defense and jurisdictional questions. (Dkt No. 29.)

On February 25, 2022, after Defendant Todt's repeated failure to participate in discovery, the SEC moved to Deem Requests to Admit Admitted and to Compel Discovery Responses and the Remote Deposition of Defendant George Todt. (Dkt No. 30.) On March 30, 2022, Magistrate Judge Douglas F. McCormick denied the SEC's motion to deem the Request to Admit admitted on the grounds that it was unnecessary because Rule 36(a)(3) of the Federal Rules of Civil Procedure is "self-executing and no order of the Court is necessary." On the same date, the Court granted the SEC's motion to compel, ordering Todt to serve initial disclosures, produce documents in response to the SEC's Requests for Production, and respond to the SEC's Interrogatories within 14 days, or by April 13, 2022. The Court also ordered Defendant Todt to testify at a remote deposition on April 19, 2022. (Dkt No. 39.) Since that order, Defendant Todt never produced initial disclosures, documents in response to the SEC's RFPs, or Interrogatory responses. Defendant Todt attended his remote deposition and answered questions, but he refused to provide testimony sworn under oath.

On March 2, 2022, the Court granted the SEC's request to extend the fact discovery cut-off and deadline to file summary judgment motions. (Dkt No. 35.)

On May 2, 2022, the Court granted the SEC's request to strike the trial and related dates pending outcome of the SEC's summary judgment motion and set a summary judgment briefing schedule. (Dkt No. 42.)

On May 23, 2022, the SEC moved for summary judgment against Defendant Todt. (Dkt Nos. 43-44.) Defendant Todt did not file any response to the motion and, on June 23, 2022, the SEC filed a notice of non-opposition to the motion. (Dkt No. 46.) The motion is fully briefed and pending before the Court. If the Court were to grant the SEC's summary judgment motion, the SEC will file a motion seeking the appropriate remedies for Defendant Todt, including a permanent injunction enjoining him from future violations of the federal securities laws, conduct-based injunction, civil penalty, officer and director bar, and penny stock bar. The SEC will also file a motion for default judgment against Defendant Wellness Matrix.

While settlement discussion have occurred, the parties have not participated in any ADR proceedings or settlement conferences to date.

**H.     Existing Deadlines**

Since the Court granted the SEC's request to strike the trial and related dates pending outcome of the SEC's summary judgment motion, there were no other deadlines in place before the reassignment of this matter.  (Dkt No. 42.)

**I.     Proposed Dates**

There were no proposed dates for any pretrial conferences and trial dates that were vacated pursuant to this Court's order.

**J.     Consent to Magistrate Judge**

The parties do not consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636.

**K.     Case Management Conference**

The SEC submits that there is no need for a case management conference during the pendency of the SEC's motion for summary judgment.

**L.     Relief from Case Schedule**

The SEC seeks no relief from the case schedule.

### M. Other Information

The SEC does not believe there is any other information relevant to the reassignment of the case.

Dated: July 8, 2022

                                              */s/ Alyssa A. Qualls*
                                              Alyssa A. Qualls
                                              Attorney for Plaintiff United States
                                              Securities and Exchange Commission

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

    UNITED STATES SECURITIES AND EXCHANGE COMMISSION,
    175 W. Jackson Blvd, Chicago IL 60123
    Telephone No. (312)353-7390; Facsimile No. (312)353-7398.

On July 8, 2022, I caused to be served the document entitled **PLAINTIFF SEC'S CASE MANAGEMENT STATEMENT** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

    I declare under penalty of perjury that the foregoing is true and correct.

Date: July 8, 2022                /s/ Alyssa A. Qualls

*SEC v. Wellness Matrix Group, Inc., et al.*
United States District Court—Central District of California
Case No. 8:21-CV-01031-SSS-DFM

**SERVICE LIST**

Wellness Matrix Group, Inc.
Barry Migliorini, CEO
16732 Goldenwest Street, Apt 3
Huntington Beach, CA 92647


George A. Todt
13904 Fiji Way, Apt 237
Marina Del Ray, CA 90292
Email: gatodt@mac.com