1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No. 8:21-cv-01031-SSS (DFM) |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING FINAL JUDGMENT INLCUDING A PERMANENT INJUNCTION AND CIVIL MONETARY PENALTY AGAINST DEFENDANT GEORGE TODT** |
| v. | |
| WELLNESS MATRIX GROUP, INC. and GEORGE TODT, | |
| Defendants. | |

On March 17, 2023, Plaintiffs filed a Motion for a Final Judgment Including a Permanent Injunction and Civil Monetary Penalty against Defendant George Todt ("Defendant Todt"). This motion was based upon the Court's October 21, 2022 Order Granting the SEC's Motion for Summary Judgment against George Todt (Dkt. No. 54), the accompanying Memorandum in Support and the filings and records in this action. The court, having considered Plaintiffs Motion and finding good cause, hereby GRANTS the Motion and ORDERS as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Todt is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Todt's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Todt or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Todt is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant Todt, participating in the issuance, purchase, offer or sale of any security; provided, however, that such injunction shall not prevent Defendant Todt from purchasing or selling securities listed on a national securities exchange for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant Todt's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Todt or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Todt is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Todt is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Todt shall pay a civil penalty in the amount of $446,458 to the Securities and Exchange Commission pursuant to Section 21(d)(3)(B)(iii) of the Exchange Act, 15 U.S.C. § 78u(d)(3)(B)(iii).  Defendant Todt shall make this payment within 30 days after entry of this Final Judgment.

Defendant Todt may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may

also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant Todt may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; George Todt as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Todt shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Todt relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Todt.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant Todt shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Dated:

                            SUNSHINE S. SYKES
                            United States District Judge